

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV -2 1971

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 83

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MIDWEST MILK MONOPOLIZATION LITIGATION

ORDER

It appearing that all parties to the actions listed on the attached Schedule A are opposed to the transfer of those actions under 28 U.S.C. §1407 and the Panel having found, on the basis of the papers submitted and the hearing held, that transfer would not serve the purposes of 28 U.S.C. §1407,

IT IS ORDERED that transfer of the actions listed on Schedule A be, and is, DENIED.

FOR THE PANEL:

Alfred P. Murrah
Chairman

SCHEDULE A                                          DOCKET NO. 83

## WESTERN DISTRICT OF MISSOURI

Robert B. Alexander, et al. v. The          Civil Action
National Farmers Organization, et al.       No. 19191-1

## SOUTHERN DISTRICT OF TEXAS

Marketing Assistance Plan, Inc., et al. v.  Civil Action
Associated Milk Producers, Inc.             No. 71-H-841

Sun Tex Dairy, et al. v. Associated Milk    Civil Action
Producers, Inc., et al.                     No. 71-B-26

South Texas Independent Milk Producers      Civil Action
Association v. Associated Milk Producers    No. 71-B-27
Inc., et al.

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FEB -9 1973

DOCKET NO. 83 -- IN RE MIDWEST MILK MONOPOLIZATION
                    LITIGATION

ORDER

The Panel having found, upon the basis of the
papers submitted and the hearing held, that the actions
listed on the attached Schedule A involve common ques-
tions of fact and that transfer of these actions to the
Western District of Missouri for coordinated or consoli-
dated pretrial proceedings would serve the convenience
of the parties and witnesses and would further the just
and efficient conduct of the litigation.

IT IS ORDERED that all actions on the attached
Schedule A pending in districts other than the Western
District of Missouri be, and the same hereby are, trans-
ferred to the Western District of Missouri and, with the
consent of that court, assigned to the Honorable John W.
Oliver, for coordinated or consolidated pretrial pro-
ceedings, pursuant to 28 U.S.C. §1407, with the action
pending in that district and listed on Schedule A.

A full opinion and order will be filed hereafter.

FOR THE PANEL:

Alfred P. Murrah
Chairman

SCHEDULE A                                    DOCKET NO. 83

### WESTERN DISTRICT OF MISSOURI

Robert B. Alexander, et al. v. The National          Civil Action
Farmers Organization, et al.                         No. 19191-1

### SOUTHERN DISTRICT OF TEXAS

Marketing Assistance Plan, Inc., et al.              Civil Action
v. Associated Milk Producers, Inc.                   No. CA 71-H-841

Sun Tex Dairy, et al. v. Associated Milk             Civil Action
Producers, Inc., et al.                              No. 71-B-26

South Texas Independent Milk Producers               Civil Action
Associatiation v. Associated Milk Producers          No. 71-B-27
Inc., et al.

Dane O. Petty, d/b/a Petty Dairy, et al. v.          Civil Action
Associated Milk Producers, Inc.                      No. 70-H-319

Norris Food Products, Inc. v. Associated             Civil Action
Milk Producets                                       No. 72-H-784

### NORTHERN DISTRICT OF ILLINOIS

Richard H. Hansen, et al. v. Associated              Civil Action
Milk Producers, Inc., et al.                         No. 72 C 1042

State of Illinois, et al. v. Associated              Civil Action
Milk Producers, Inc., et al.                         No. 72 C 661

Genesis Group, Inc., etc. v. Associated              Civil Action
Milk Products, Inc., et al.                          No. 72 C 934

Sentry Food Stores, Inc., etc. v.                    Civil Action
Associated Milk Producters, Inc., et al.             No. 72 C 888

Oberweis Dairy, Inc. v. Associated Milk              Civil Action
Producers, Inc.                                      No. 72 C 1404

### DISTRICT OF KANSAS

Hyde Park Dairies, Inc. v. Associated                Civil Action
Milk Producers, Inc.                                 No. W-4917

### WESTERN DISTRICT OF OKLAHOMA

Townley's Dairy Co. v. Associated Milk               Civil Action
Producers, Inc.                                       No. 72-167

SCHEDULE A                    - 2 -                    DOCKET NO. 83

### DISTRICT OF MINNESOTA

Ewald Bros, Inc., etc. v. Mid-America          Civil Action
Dairymen, Inc., et al.                         No. 4-72 Civ. 153

Northland Milk & Ice Cream Co. v.              Civil Action
Mid-America Dairymen, Inc.                     No. 4-72 Civ. 27

Dairy Distributors, Inc. v. Mid-America        Civil Action
Dairymen, Inc.                                 No. 4-72-Civ. 114



BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MIDWEST MILK MONOPOLIZATION LITIGATION )
                                              )
Foremost-McKesson, Inc. v. Associated Milk    )   DOCKET NO. 83
Producers, Inc., N.D. Texas, Civil Action     )
No. CA3-74-1220-F                             )
                                              )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

    The Panel previously transferred several actions
in this litigation to the Western District of Missouri and,
with the consent of that court, assigned them to the Honorable
John W. Oliver for coordinated or consolidated pretrial pro-
ceedings pursuant to 28 U.S.C. §1407.[1]

---

\* Although Judge Lord was unable to attend the Panel hearing,
  he has, with the consent of all parties, participated in
  this decision.

[1] In re Midwest Milk Monopolization Litigation, 379 F. Supp.
  989 (J.P.M.L. 1974); 379 F. Supp. 991 (J.P.M.L. 1974);
  386 F. Supp. 1401 (J.P.M.L. 1975).

- 3 -

the action and remanded to the Northern District of Texas pursuant to the proviso in subsection (a) of Section 1407. Foremost favors transfer of the entire action.

We find that the above-captioned action involves questions of fact common to the previously transferred actions and that its transfer to the Western District of Missouri, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings with the actions pending there will be for the convenience of the parties and wit- nesses and promote the just and efficient conduct of the litigation.

AMPI contends that transfer of the _Foremost_ action is inappropriate because none of the active actions in the transferee court involves any alleged activity on its part within Texas or Arkansas. This contention is based on AMPI's assertion that settlements in certain actions have eliminated the geographic market involved in _Foremost_ from the coordinated or consolidated pretrial proceedings.[3/]   In

---

3/  Although AMPI concedes that one of the actions in the transferee district, Schepps Dairy, Inc. v. AMPI, No. 74 CV 603 W-1, could conceivably present issues of fact common to _Foremost_, it maintains that _Schepps_ should not properly be considered on the question of transfer now before us, inasmuch as that action has remained dormant since October 1974.

- 5 -

In re Midwest Milk Monopolization Litigation, 379 F. Supp. 991, 992 (J.P.M.L. 1974). The logic for transferring the Foremost action is even more compelling because Judge Oliver has, as a result of his participation in other actions involving AMPI's alleged activities in Texas and Arkansas, gained an insight into the factual and legal questions at issue here.

Nor are we impressed by AMPI's contention that a transfer of the Foremost action will not necessarily accelerate discovery therein. Any discovery relating to Foremost heretofore completed in actions already pending in the transferee district can be made applicable to Foremost by utilizing the procedures recommended in the Manual for Complex Litigation, Part I, §3.11 and Part II, §3.11 (rev. ed. 1973). Indeed, AMPI's failure to agree with Foremost's proposal to stipulate that the discovery done in the transferred litigation shall be applicable to Foremost highlights the need for its inclusion in the ongoing coordinated or consolidated pretrial proceedings. Thus, transfer of Foremost will ensure the most just and expeditious procession of that action as well as the litigation taken as a whole.

AMPI alternatively seeks an order from the Panel separating and remanding Foremost's Robinson-Patman Act claim to the Northern District of Texas pursuant to Section

- 2 -

Foremost-McKesson, Inc. (Foremost), plaintiff in the above-captioned action, alleges that Associated Milk Producers, Inc. (AMPI) has violated Sections 1 and 2 of the Sherman Act in certain defined milk marketing order areas in Texas and Arkansas; that it has violated Section 7 of the Clayton Act; and that it has violated the Agricultural Fair Practices Act, the Robinson-Patman Act and the antitrust laws of the State of Texas.  More specifically, Foremost, like several plaintiffs in the transferee court, alleges that AMPI instituted and maintained over order "premium" prices for its raw milk, that it forced depressed revenues for non-AMPI members by periodically flooding their markets and that it illegally coerced farmers to join AMPI.

Since the above-captioned action appeared to involve questions of fact common to the actions in the transferee court, the Panel ordered the parties to show cause why it should not likewise be transferred to the Western District of Missouri for inclusion in the coordinated or consolidated pretrial proceedings pending in that district.[2]  AMPI opposes transfer or, alternatively, suggests that Foremost's Robinson-Patman Act claim be separated from the remainder of

_____

[2]   Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

- 4 -

addition, AMPI argues that no substantial acceleration in
discovery would be achieved by transferring Foremost to the
Western District of Missouri since this action would likely
be placed in a subsidiary discovery schedule by Judge Oliver
under his "separate track" discovery procedure.

The Panel has previously considered the argument
that the different geographically determined milk markets
involved in several of the actions in this litigation
precludes coordination or consolidation of these actions
under Section 1407.  See In re Midwest Milk Monopolization
Litigation, 379 F. Supp. 989,990 (J.P.M.L. 1974).  In
rejecting this argument we observed that "[a]ll the actions
allege essentially the same conduct on the part of all
defendants and the extensive document discovery reveals large
areas of overlapping factual and legal issues."  Id. at 991.
Thus, even if, as AMPI maintains, all the actions involving
alleged activity on its part within the Southern United
States were no longer actively before the transferee court,
we would nonetheless transfer the Foremost action.  Indeed, as
we noted in our opinion in the Lawson Milk tag-along action, the
addition of "a geographic market not previously involved in
the transferred litigation is not a barrier to transfer
because separate regional conspiracies are also alleged in
each of the transferred actions.  (citations omitted)."

1407(a). The sole argument made in support of this request is that the Texas court presently has before it certain motions to dismiss filed by AMPI. We see no reason for granting this request, however, because these motions can be presented to and determined by the transferee judge following the transfer we are herewith ordering. See In re Plumbing Fixture Cases, 298 F. Supp. 484, 495-96 (J.P.M.L. 1968).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Foremost-McKesson, Inc. v. Associated Milk Producers, Inc., N.D. Texas, Civil Action No. CA3-74-1220-F, be, and the same hereby is, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



RE MIDWEST MILK MONOPOLIZATION LITIGATION )   DOCKET NO. 83

The Page Dairy Company v. Milk, Inc., et al.,
N.D. Ohio, Civil Action No. 75-439

OPINION AND ORDER

---

'ORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN
ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A.
'FREY, AND ROY W. HARPER*, JUDGES OF THE PANEL

CURIAM

The Panel, pursuant to 28 U.S.C. §1407, previously trans-
·red several actions in this litigation to the Western
·trict of Missouri and, with the consent of that court,
·igned them to the Honorable John W. Oliver for coordinated
consolidated pretrial proceedings.[1/]

Defendants in the above-captioned action (Page) are
k, Inc. (Milk), a marketing association; Great Lakes-
thern Milk, Inc. (Great Lakes), a federation of agricultural
keting associations of which Milk is a member; and Orrville
k Company (Orrville), a subsidiary of Milk.  Plaintiff in
s action alleges that defendants have violated Sections 1
2 of the Sherman Act and Section 7 of the Clayton Act.
e specifically, it is alleged that (i) through mergers,
solidations and acquisitions, Milk has lessened competition

---

dges Lord and Harper took no part in the consideration or
ision of this matter.
n re Midwest Milk Monopolization Litigation, 379 F. Supp.
 (J.P.M.L. 1974); 379 F. Supp 991 (J.P.M.L. 1974); 386 F. Supp.
 l (J.P.M.L. 1975); and 398 F. Supp. 676 (J.P.M.L. 1975).

- 2 -

and created a monopoly in the production and sale of raw
milk in North Central and Northwestern Ohio, Northeastern
Indiana and Southeastern Michigan (the relevant geographic
market), (ii) Milk and Great Lakes have eliminated competition
by dividing territories and by entering into exclusive business
relationships with processors and producers, (iii) Milk,
Great Lakes, and Great Lakes' members have acted and conspired
to fix the price of raw milk above that set by federal regu-
lators, and (iv) Milk has used Orrville to control the supply
of milk, fix prices and restrict competition in the relevant
geographic market.

Milk is also a defendant and a counterclaim defendant in
two previously transferred tag-along actions, Lawson [2] and
Keystone, [3] respectively.  Lawson was transferred from the
Northern District of Ohio, and Keystone was transferred
from the Western District of Pennsylvania.  In each of those
actions, Milk is charged with violating Sections 1 and 2 of
the Sherman Act, Section 3 of the Clayton Act, and the
Agricultural Fair Practices Act of 1967.  Some of the specific
allegations against Milk in those actions are that it and
various co-conspirators monopolized trade and commerce in
raw milk by controlling in excess of 80% of the raw milk
regulated by the federal government in the Eastern Ohio/Western
Pennsylvania market area, and that Milk and its co-conspirators fixed

[2] 379 F. Supp. 991 (J.P.M.L. 1974).
[3] 386 F. Supp. 1401 (J.P.M.L. 1975).

- 3 -

prices above the federal floor, excluded competitors, entered into exclusive dealing contracts with suppliers, processors, and customers, and coerced others to join the conspiracy.

Milk moves the Panel for an order pursuant to 28 U.S.C. §1407 transferring Page to the Western District of Missouri for coordinated or consolidated pretrial proceedings with the actions previously transferred there.  The plaintiff opposes transfer.  We find that Page raises questions of fact common to the previously transferred actions and that Page's transfer to the Western District of Missouri will best serve the con- venience of the parties and witnesses and promote the just and efficient conduct of the litigation.[4/]

Most of plaintiff's contentions in opposition to transfer have been considered and rejected by the Panel in earlier opinions concerning this litigation.  Plaintiff here argues, as was argued when we considered the transfer of Lawson, that the shared questions of fact between Page and the previously transferred actions are limited and for the most part already discovered.  Plaintiff contends that the applicability of one of the two Federal Milk Marketing Orders involved in Page, and defendants' alleged illegal conduct with respect to plaintiff, are unique to this action.  It is further asserted that transfer would impose a severe financial hardship on plaintiff and that cooperation of counsel is a suitable alternative to transfer.

---

[4/]All parties waived their right to oral argument and, accordingly, this matter was submitted for decision on the briefs.  See Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

These arguments remain unpersuasive.  The Page action contains allegations of federal antitrust law violations by Milk that raise questions of fact common to those raised against Milk in the previously transferred Lawson and Keystone actions. Absent transfer of Page, discovery concerning these violations could be needlessly duplicated.  Of course any discovery unique to Page may be scheduled by the transferee judge to proceed concurrently with the common pretrial matters.  See In re Midwest Milk Monopolization Litigation 379 F. Supp. 991, 992 (J.P.M.L. 1974).

Moreover, we have held that the benefits of having all actions in this litigation controlled by a single judge who can schedule discovery to minimize the expense to all parties and maximize opportunities for the just and expeditious termination of this litigation outweigh the benefits arising solely from voluntary co-operation of counsel.  In re Midwest Milk Monopolization Litigation, 379 F. Supp. 989, 990-91 (J.P.M.L. 1974).  We are sensitive to plaintiff's concern about the cost of transfer, but we are confident that the judicious use of liaison counsel, lead counsel and steering committees would result in an overall net savings of time, effort and expense and eliminate the need for most counsel ever to travel to the transferee district. See Manual for Complex Litigation, Part 1, §§1.90-1.93 (rev. ed. 1973).

Should transfer be ordered, plaintiff requests that the Panel remand Page and Lawson, and retransfer Keystone,[5/] to the Northern District of Ohio. In the absence of a suggestion from the transferee judge for remand of these actions, however, we find the question of remand premature. See In re Holiday Magic Securities and Antitrust Litigation, ___ F. Supp ___, ____ (J.P.M.L., filed July 6, 1977); In re Midwest Milk Monopolization Litigation, 386 F. Supp. 1401, 1403 (J.P.M.L. 1975). Furthermore, in the past we have been extremely reluctant to order retransfer, and we find no basis for retransfer here. See In re Petroleum Products Antitrust Litigation, supra, 419 F. Supp. at 719.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled The Page Dairy Company v. Milk, Inc., et al., N.D. Ohio, Civil Action No. 75-439 be, and the same hereby is, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

---

5/Technically, plaintiff asks for remand of Keystone to the Northern District of Ohio also. While the Panel can only remand Keystone to its transferor court, the Western District of Pennsylvania, the Panel has, on one occasion, upon a showing of unique circumstances, retransferred an entire multidistrict docket. We are therefore viewing plaintiff's request regarding Keystone in its most favorable light by treating it as a request for retransfer. Compare In re Delta Airlines Inc. Flight Attendant Weight Standards Litigation, 411 F. Supp. 795, 797 (J.P.M.L. 1976) with In re Petroleum Products Antitrust Litigation, 419 F. Supp 712, 718-20 (J.P.M.L. 1976).

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MIDWEST MILK MONOPOLIZATION LITIGATION )   DOCKET NO. 83
                                              )
Westmoreland Farm Dairy, Inc. v. Associated   )
    Milk Producers, Inc., et al., S. D. Texas, )
    Civil Action No. 74-H-543                  )
Associated Milk Producers, Inc. v. Certified  )
    Grocers of Illinois, Inc., W. D. Wisconsin, )
    Civil Action No. 77 C 60                   )
Central Milk Producers Cooperative v.          )
    Certified Grocers of Illinois, Inc.,       )
    W. D. Wisconsin, Civil Action No. 77 C 95  )

                    OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

I.   OVERVIEW

     The Panel, pursuant to 28 U.S.C. §1407, previously

transferred several actions in this litigation to the

Western District of Missouri and, with the consent of

that court, assigned them to the Honorable John W. Oliver
                                                      1/
for coordinated or consolidated pretrial proceedings.

     A.   Westmoreland

     The first of the above-captioned actions (Westmoreland)

was brought in the Southern District of Texas on April 19,

1974, by Westmoreland Farm Dairy, Inc. (Westmoreland), a

_____

*    Judge Lord took no part in the decision of this matter.
1/   In re Midwest Milk Monopolization Litigation, 379 F.
Supp. 989 (J.P.M.L. 1974); 379 F. Supp. 991 (J.P.M.L. 1974);
386 F. Supp. 1401 (J.P.M.L. 1975); 398 F. Supp. 676 (J.P.M.L.
1975); and 435 F. Supp. 930 (J.P.M.L. 1977).

purchaser and marketer of milk.  Defendants are Associated Milk Producers, Inc. (AMPI), a large milk marketing and producers' cooperative; and Borden, Inc. (Borden), a company which, like plaintiff Westmoreland, is a purchaser and marketer of milk.  AMPI has been a party to more than twenty other actions in this litigation, but Borden and West- moreland are parties only to this action.  One or both of the defendants are charged with various violations of the federal anti- trust laws, including:  (i) monopolizing the market for raw fluid milk in the South Texas Marketing Area (an area defined by federal agricultural regulations); (ii) engaging in predatory pricing activities designed to depress prices paid to non-members of AMPI; (iii) entering into exclusive dealing contracts with customers, members of AMPI, and milk haulers, and (iv) granting illegal kickbacks and subsidies to companies that are in competition with West- moreland, such as defendant Borden.  AMPI has counterclaimed against Westmoreland for sums allegedly due for milk sold to Westmoreland.

Class action certification was denied in <u>Westmoreland</u>, and it is proceeding as an individual action.  <u>Westmoreland</u> had been scheduled for trial in the Southern District of Texas during July or August of 1977 by the Honorable Ross N. Sterling. On July 14, 1977, Judge Sterling denied Westmoreland's

request for a postponement of the trial date. We have
been advised that after the present motion for transfer of
Westmoreland under 28 U.S.C. §1407 was filed, however, he
removed the action from his trial docket pending the Panel's
decision on the question of transfer.

B.  Wisconsin Actions

The second and third above-captioned actions were
brought in the Western District of Wisconsin, one by AMPI
and the other by Central Milk Producers Cooperative (CMPC),
another milk marketing and producers' cooperative. Defend-
ant in both actions is Certified Grocers of Illinois,
Inc. (Certified), a wholesale grocery and dairy company
that purchased raw milk from plaintiffs and plaintiffs'
members. Plaintiffs charge Certified with refusing to pay
sums due and with violations of state agricultural cooperative
laws by coercing milk producers to refrain from joining or
continuing to be members of AMPI or CMPC.

Certified has filed a joint counterclaim charging
AMPI and CMPC with violations of the federal antitrust laws.
More specifically, in that counterclaim AMPI and CMPC
are alleged to have eliminated competition in the pro-
duction, marketing and pricing of raw milk in the Chicago
marketing area by means of illegal acquisitions, exclusionary
contracts, boycotts, diversion of supplies, and improper
subsidies and kickbacks. Some or all of these allegations
are also asserted against AMPI and CMPC in six actions presently

- 4 -

pending in the transferee district that were transferred
from the Northern District of Illinois and in one action
that was recently remanded by the Panel from the transferee
district to the Northern District of Illinois at the
suggestion of Judge Oliver. $\underline{2/}$

    C.  <u>Proceedings Before the Panel</u>

    Plaintiff Westmoreland moves the Panel pursuant to
28 U.S.C. §1407 for an order transferring <u>Westmoreland</u> to
the Western District of Missouri for coordinated or con-
solidated pretrial proceedings with the actions previously
transferred there.  AMPI and Borden oppose transfer.

    The Panel has issued an order conditionally transferring
the Wisconsin actions to the Western District of Missouri
under Section 1407 for inclusion in the coordinated or con-
solidated pretrial proceedings in that district. $\underline{3/}$   AMPI
and CMPC oppose transfer of their claims against Certified,
but favor transfer of Certified's counterclaim.  Certified
opposes transfer of all claims and opposes separation of
the primary claims from the counterclaim.  In the alternative,
if transfer is deemed desirable, Certified moves that the
two Wisconsin actions be transferred to the Northern District
of Illinois for coordinated or consolidated pretrial pro-
ceedings with the recently remanded action pending in that
district.

---

$\underline{2/}$   An eighth action involving the two defendants and most of
these allegations was dismissed in the transferee district.
$\underline{3/}$   <u>See</u> Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259 (1975).

- 5 -

II.  HOLDING AND REASONING

        We find that transfer of Westmoreland at this time
would not serve the convenience of the parties and witnesses
or promote the just and efficient conduct of the litigation.
We further find that the Wisconsin actions raise questions
of fact common to previously transferred actions in this
litigation and that transfer of the Wisconsin actions to
the Western District of Missouri will best serve the con-
venience of the parties and witnesses and promote the just
and efficient conduct of the litigation. $\underline{4/}$

        A.  Westmoreland

        We agree with the movant that Westmoreland contains
allegations of federal antitrust law violations that raise
questions of fact common to previously transferred actions
in this litigation.  We note, however, that the processing
of Westmoreland has proceeded in the Southern District of
Texas for over three and one half years, a trial date had
been set in that action, a request for postponement of trial
had been denied by Judge Sterling, and only the decision by
Judge Sterling to delay the start of the trial pending the
Panel's determination has prevented the action  from
being tried by now.  Thus, it is apparent that the
Texas court deems pretrial activities in Westmoreland to

_____

4/   All parties in Westmoreland and the Wisconsin actions
waived their right to oral argument and, accordingly, the
question of transfer of these actions under Section 1407
was submitted for decision on the briefs.  See Rule 14,
R.P.J.P.M.L, 65 F.R.D. 253, 264 (1975).

be either completed or very near completion and that trial of <u>Westmoreland</u> is imminent.  Under these circumstances, transfer of <u>Westmoreland</u> is unwarranted.  See <u>In re Celotex Corp. "Technifoam" Products Liability Litigation</u>, 68 F.R.D. 502, 505 (J.P.M.L. 1975).

**B.   The Wisconsin Actions**

Certified argues that little of the discovery that has been completed in the transferee district would be relevant to the Wisconsin actions because those actions involve violations alleged to have occurred during a time period different from the time periods in the complaints in most of the actions in the transferee district.  Certified also contends that, like the recently remanded Illinois action, the Wisconsin actions are brought by direct pur- chasers of raw milk in the Chicago marketing area, and that if the remanded action no longer belongs in the transferee district, then neither do the Wisconsin actions.  Finally, Certified urges that most of the witnesses and documents relevant to the Wisconsin actions will be found in the Chicago area, and therefore it suggests that if transfer is deemed appropriate by the Panel, the Wisconsin actions should be transferred to the Northern District of Illinois where they can be coordinated or consolidated for pretrial proceedings with the remanded action.

These arguments are unpersuasive.  Several actions now pending in the transferee district, including two actions in which AMPI and CMPC are charged with antitrust violations committed within the Chicago milk marketing area, involve time periods that overlap the time period involved in the Wisconsin actions.  Because the Wisconsin actions thus share questions of fact with actions in the transferee district, transfer of the Wisconsin actions is necessary to prevent needlessly duplicative discovery and otherwise further the purposes of Section 1407.  Since the record before us reveals the commonality of the two Wisconsin actions with actions currently in the transferee district, the fact that a related action has been remanded to Illinois provides no basis to exclude the Wisconsin actions from the centralized proceedings in the transferee district, nor does that fact provide any justification for transferring the Wisconsin actions to the Northern District of Illinois.  We observe that the recently remanded Illinois action was pending in the transferee district for over four years prior to its remand, and that AMPI and CMPC, which are parties to that action, agreed that it had become appropriate for remand, whereas here those parties favor transfer of the counterclaim for inclusion in the Section 1407 proceedings in the transferee district.

- 8 -

Of course, witnesses will likely be deposed in proximity
to where they reside regardless of transfer under Section
1407, see Fed. R. Civ. P. 45(d)(2); Certified need not
participate in pretrial proceedings unrelated to the
Wisconsin actions, see, e.g., Manual for Complex Litigation,
Part I, §2.31 (rev. ed. 1977); and the transferee judge has
broad discretion to allow discovery on any issues unique
to the Wisconsin actions to proceed concurrently with the
common pretrial matters, see In re Midwest Milk Monopolization,
supra, 435 F. Supp. at 932.  Moreover, procedures are available
to make discovery heretofore completed in the transferee
district applicable to the Wisconsin actions.  See Manual,
supra, at Parts I & II, §§3.11.

The Panel is empowered, pursuant to 28 U.S.C. §1407(a),
to couple its order of transfer with a simultaneous
separation and remand of any claims in an action.  AMPI
and CMPC, however, have failed to present any reasons in
support of their opposition to transfer of their claims
against Certified.  Accordingly, we see no reason at the
present time to exclude those claims from the coordinated
or consolidated pretrial proceedings.  See In re Milk
Milk Monopolization Litigation, supra, 386 F. Supp. 1402-03.

IT IS THEREFORE ORDERED that the motion pursuant to
28 U.S.C. §1407 to transfer the action entitled Westmoreland
Farm Dairy, Inc. v. Associated Milk Producers, Inc., et al.,
S. D. Texas, Civil Action No. 74-H-543, be, and the same
hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled <u>Associated Milk Producers, Inc. v. Certified Grocers of Illinois, Inc.</u>, W.D. Wisconsin, Civil Action No. 77 C 60, and <u>Central Milk Producers Cooperative v. Certified Grocers of Illinois, Inc.</u>, W.D. Wisconsin, Civil Action No. 77 C 95, be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings with the actions already pending in MDL-83.



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 29 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

1/29/80

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MIDWEST MILK            )
MONOPOLIZATION LITIGATION)
                              )            DOCKET NO. 83
Page Milk Company, et al.)
v. Associated Milk           )
Producers, Inc., E.D.        )
Wisc., C.A. No. 75-C-238 )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND ANDREW A. CAFFREY,
ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP,
AND ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

    The Panel, pursuant to 28 U.S.C. §1407, previously

transferred several actions in this litigation to the

Western District of Missouri and, with the consent of that

court, assigned them to the Honorable John W. Oliver for

coordinated or consolidated pretrial proceedings.   In re

Midwest Milk Monopolization Litigation, 379 F. Supp. 989

(J.P.M.L. 1974); 379 F. Supp. 992 (J.P.M.L. 1974); 386

F. Supp. 1401 (J.P.M.L. 1975); 398 F. Supp. 676 (J.P.M.L.

1975); 435 F. Supp. 930 (J.P.M.L. 1977); and 441 F. Supp.

930 (J.P.M.L. 1977).   Claims in the actions included in

MDL-83 charge many large milk marketing and producers'

cooperatives with violating the federal antitrust laws

by monopolizing and restraining trade in several geographic

areas within the milk industry.   Judge Oliver has been

- 2 -

trying the lead case in the MDL-83 actions for over two years, having heard the last live witness in June, 1979.

Page was brought in the Eastern District of Wisconsin on April 28, 1975, by two companies engaged in the processing, handling, distribution and sale of milk in the Midwest. The defendant is Associated Milk Producers, Inc. (AMPI), an agricultural cooperative marketing association formed in 1969 as a successor to 36 or more regional cooperatives. AMPI has been a defendant in more than twenty actions pending in MDL-83. Plaintiffs allege that AMPI has conspired, in violation of Sections 1 and 2 of the Sherman Act, to restrain and monopolize trade in milk since at least 1966. More specifically, AMPI is claimed, inter alia, to have deliberately foreclosed and eliminated alternative sources of milk supply reasonably available to the plaintiffs and other processors; eliminated competing producers of milk from the market by depressing prices and by requiring processors to enter into full supply contracts with AMPI; interfered with efforts by the plaintiffs to purchase milk from independent milk producers and other processors; forced independent producers of milk to join AMPI; eliminated independent processors and independent milk producers by acquiring the business and assets of processors and producers; and extracted from plaintiffs and other processors a premium over prices set by federal milk marketing orders. Other actions in the transferee district raise identical claims against AMPI and other defendants. Plaintiffs also allege that AMPI has discriminated directly and indirectly in

the price of milk and milk products, and has also discriminated in commissions, allowances, and services regarding milk products, all in violation of the Robinson-Patman Act.

The Panel has issued an order to show cause why Page should not be transferred to the Western District of Missouri for coordinated or consolidated pretrial **proceedings** with the actions pending there in MDL-83.  See Rule 10(b), R.P.J.P.M.L., 78 F.R.D. 561, 568 (1978). AMPI supports transfer of Page, and plaintiffs oppose transfer.  We find that transfer of Page at this time would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.

AMPI asserts that Page raises questions of law and fact common to those raised in other actions against AMPI previously transferred to the Western District of Missouri, such as whether AMPI has eliminated competition in, and monopolized the sale and supply of, milk in AMPI's marketing area by various means including acquisitions, exclusionary contracts, boycotts, diversion of supplies and milk pooling practices.  AMPI urges that transfer of Page will avoid duplicative discovery, will prevent inconsistent pretrial rulings, and will result in an overall savings of time, expense and effort.

While we agree that Page contains allegations of federal antitrust law violations that raise questions of fact common to those in previously transferred actions in this litigation, we are nevertheless persuaded that transfer of Page is presently unnecessary.  We note that Page has been pending

- 4 -

in the Eastern District of Wisconsin for over four and
one half years and AMPI, one of the original defendants
in MDL-83 in the transferee district, has previously made
no effort to bring the pendency of Page to the Panel's
attention for consideration of inclusion in Section 1407
proceedings in the transferee district.[1/]   Now, not only
have pretrial proceedings already been concluded in the
lead action in the transferee district, but the lead action
itself has been in trial for over two years.  Moreover,
AMPI acknowledged at oral argument before the Panel that
pretrial on the common questions of fact in this litigation
has for the most part been completed in the transferee
district.  Transcript at 11-13.  Under these circumstances,
we conclude that transfer of Page is unwarranted.

We observe that suitable alternatives to Section 1407
transfer are available to minimize the possibility of dupli-
cation with respect to the remaining discovery in Page.
Any party could ask the judge supervising Page to issue
an order to show cause why the discovery already completed
in the MDL-83 actions in the transferee district should
not be made applicable to Page.  Or the parties could stipulate
that that discovery could be used in Page.  See In re Raymond
Lee Organization, Inc. Securities Litigation, 446 F. Supp.
1266, 1268 (J.P.M.L. 1978).  In addition, communication

---

[1/]   Panel Rule 10(e), supra, 78 F.R.D. 568, which was
adopted in August, 1978, provides as follows:  "Any party
in actions previously transferred under Section 1407...
shall notify the Clerk of the Panel of any potential 'tag-along
actions' in which that party is also named."

- 5 -

and cooperation between the Wisconsin and Missouri courts, if deemed appropriate by those courts, along with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings.  See In re Eli Lily & Co. (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that the order to show cause filed on October 23, 1979, with respect to the action entitled Page Milk Company, et al. v. Associated Milk Producers, Inc., E. D. Wisconsin, C.A. No. 75-C-238, be, and the same hereby is, VACATED.